EMERMAN ET AL., PARTNERS AS ERIE IRON & METAL CO., *v.* THE TRIMBLE-MUDGE & CO.

*Attachment — Jurisdiction of Ohio court — Situs of debt due defendant — Funds payable in Pennsylvania — Foreign corporations as parties.*

Plaintiff and defendant were residents of Pennsylvania and executed a contract in that state. Plaintiff instituted suit in Ohio for damages for breach of such contract, naming as garnishee a foreign corporation authorized to sue and be sued in this state. The latter company answered and alleged that its indebtedness to defendant was due and payable in Pittsburgh, Pa. *Held:* A motion to discharge the attachment was properly sustained, since the situs of the debt was beyond the jurisdiction of an Ohio court.

(Decided July 2, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. M. V. Emerman,* for plaintiffs in error.
*Mr. I. N. Loeser,* for defendant in error.

LIEGHLEY, J. The parties stood in the same order below.

The plaintiff is a partnership with its office and place of business at Erie, Pa. The defendant is a corporation of Pittsburgh, Pa. Plaintiff and defendant entered into a contract in Pennsylvania which the plaintiff claims the defendant breached. The plaintiff brought suit in the common pleas court of Cuyahoga county to recover damages for the breach, and caused a garnishment process to be issued to and served upon the Carnegie Steel Company, which is a foreign corporation, but capable of suing and being sued in this county. The garnishee answered that it was indebted to the defendant for metals delivered to it at Columbus and Mingo Junction, Ohio, but that the debt was due and payable at Pittsburgh, Pa. That the contract was made and entered into at Pittsburgh, Pa. The defendant, appearing solely for the purposes of the motion, filed a motion to discharge the attachment, on the ground that the court was without jurisdiction, for the reason that under the circumstances of this case the situs of the debt was beyond the jurisdiction of this court. The court below granted the motion and dismissed the action, from which judgment error is prosecuted to this court.

The judgment of the court below is affirmed upon the following authorities: *Reimers et al.* v. *Seatco Mfg. Co. et al.,* 70 Fed. Rep., 573, in which case the circumstances are almost identical with this case, decided by Judge Taft of the United States circuit court of appeals for the sixth circuit, and concurred in by Judges Lurton and Severens; and *American Sheet & Tin Plate Co.* v. *J. C. Lewis,* 20 C. C., N. S., 443.

*Judgment affirmed.*

GRANT and CARPENTER, JJ., concur.